SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Adalberto Zaldivar, | No. CV 14-1493-PHX-DGC (MEA) |
| Plaintiff, | |
| v. | **ORDER** |
| United States Department of Veterans Affairs, et al., | |
| Defendants. | |

Plaintiff Jose Adalberto Zaldivar, Sr., who is confined in the Arizona State Prison Complex, Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, as well as *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Freedom of Information Act ("FOIA"), 5 U.S.C. §522, *et seq.*, (Doc. 1). Plaintiff has also filed an Application to Proceed *In Forma Pauperis* (Doc. 2), a Motion to Appoint Counsel (Doc. 4), and a Motion for Clarification and Status of the Case (Doc. 8). The Court will deny the Motion to Appoint Counsel without prejudice and grant the Motion for Clarification. The Court will require Defendants Veterans Affairs Regional Office-Phoenix, Veterans Affairs Office of General Counsel, and Veterans Affairs Office of the Inspector General to answer Counts One and Two of the Complaint. All other claims and defendants are dismissed without prejudice.

. . . .

. . . .

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $35.83. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.  Complaint**

In his three-count Complaint, Plaintiff sues the Veterans Affairs Regional Office-Phoenix ("VARO"), the Department of Veterans Affairs Office of General Counsel ("OGC"), the Department of Veterans Affairs Office of the Inspector General ("OIG"), and Pima County.

In Count One, Plaintiff makes the following allegations: On October 20, 2002, Plaintiff submitted a FOIA request to the VARO, asking for copies of statements and letters filed by Rebecca Zaldivar—Plaintiff's ex-wife—against Plaintiff in his veteran compensation file. On November 16, 2002, the VARO provided Plaintiff "copies of the documents to and from" Rebecca Zaldivar. Plaintiff alleges that personal information had been redacted from some of the documents he received and other documents were missing their corresponding attachments.

On April 13, 2005, Plaintiff submitted a second FOIA request to VARO asking for the missing attachments and for a "copy of a VA letter dated January 6, 2005" that Plaintiff had never received from the Department of Veterans Affairs ("VA"). On

1  April 22, 2005, the VARO "provided four (4) additional copies of [the] documents
2  submitted by Rebecca Zaldivar since November 2002, redacting addresses and personal
3  information." The VARO also "included [a] copy of the letter dated January 6, 2005."

4  On July 10, 2007, Plaintiff filed a third FOIA request, seeking various documents
5  submitted to the VA by Rebecca Zaldivar and the VA's responses to Rebecca Zaldivar's
6  inquiries or requests concerning Plaintiff's VA file. On September 25, 2007, the VARO
7  provided Plaintiff 17 sets of documents, but noted that personal information contained in
8  the documents had been redacted.

9  On December 20, 2007, Plaintiff filed a FOIA appeal, alleging that the VARO had
10 denied Plaintiff access to certain documents. The VARO responded that they had given
11 Plaintiff the documents he requested and that the only information redacted from the
12 documents was Rebecca Zaldivar's personal information. The VARO stated that
13 releasing Rebecca Zaldivar's personal identifying information would constitute an
14 "unwarranted invasion of personal privacy[.]"

15 On February 14, 2008, Plaintiff appealed this decision to the OGC, claiming that
16 the VARO's denial of this information "hampers Plaintiff's right to a fair trial" and that
17 disclosing the redacted information would not invade his ex-wife's privacy because "the
18 information in Plaintiff's files contain documents submitted on Plaintiff's behalf by a
19 former spouse during the marriage[.]" Plaintiff claims that his ex-wife "willingly
20 submitted the documents [that contain her personal information] on [Plaintiff's] claim file
21 and in support of and/or [on Plaintiff's] behalf during [their] marriage." On August 4,
22 2010, OGC responded to Plaintiff's appeal, noting that Plaintiff seemed to be appealing
23 two separate issues: the redaction of his ex-wife's personal information and Plaintiff's
24 assertion that the VARO has failed to provide him with a claim submitted by his ex-wife
25 on October 1, 2001. The OGC ultimately denied Plaintiff's appeal after determining that
26 releasing his ex-wife's personal information would constitute an invasion of privacy and
27 that the October 1, 2001 document sought by Plaintiff was never received by the VA and
28 was not in Plaintiff's file.

On April 26, 2012, Plaintiff submitted a fourth FOIA request, this time asking for the following documents: application for apportionment to support Plaintiff's dependent spouse; a VA letter dated April 3, 2012, stating that Plaintiff's ex-wife is entitled to benefits; "correspondence in response and reply to the application [for] apportionment"; "complete address of the VA Office of [the] Inspector General"; "notes, telephone calls, and inquir[i]es [related] to the application for apportionment"; [a]ny and all documentation, application, inquiry or requests, made by letter or phone conversation, in connection with Plaintiff's VA compensation claim to include the names, addresses and phone numbers of the requesting party or parties involved, after Feb[ruary] 16, 2001"; a list of names and contact information "of benefits payable claimed by surviving spouses, dependent spouses and children entitled to dependency and i[n]dem[n]ity compensation (DIC)."

After receiving no response to his fourth FOIA request, on June 4, 2012, Plaintiff filed another FOIA appeal with the VARO. On June 21, 2012, Plaintiff received a copy of his entire claim folder except his "service treatment records" which, according to the VARO, had already been provided to Plaintiff on November 10, 2011.

On May 15, 2013, Plaintiff filed a complaint with the OIG pursuant to 38 C.F.R. § 42, the "Standards Implementing the Program Fraud Civil Remedies Act of 1986." Plaintiff's filed the complaint against his ex-wife for making false statements to the VARO. On June 27, 2013, after reviewing Plaintiff's complaint, the OIG found that a formal investigation was not required. Plaintiff filed a written "Notice of disagreement" on July 18, 2013, which Plaintiff intended to "serve[] as a motion for reconsideration" or as a "notice of appeal" if there was "no right to the motion for reconsideration." To date, Plaintiff has not received a response.

In Count Two, Plaintiff claims that he submitted a FOIA request for copies of various communications between Rebecca Zaldivar and the VA on May 20, 2013. Plaintiff did not receive a response to his request and filed an appeal on July 15, 2013. . . . .

TERMPSREF

In Count Three, Plaintiff claims that on June 4, 2013, he filed a FOIA request for "the continuous supply of documents, affidavits, [and] current and future applications of any form or standard application" as well as "correspondence and response, inquiry or requests in reference to or connected to Plaintiff's claim file, requested or submitted by Rebecca Joan Zaldivar previously not supplied without having to make future request[s]." Plaintiff did not receive a response to his request, and filed a FOIA appeal on July 15, 2013.

Plaintiff seeks declaratory and injunctive relief.

**IV.     Failure to State a Claim**

   **A.     Claims**

       **1.     Claims Under §§ 1981, 1982, 1985, and 1986**

Plaintiff has indicated that this Court's jurisdiction is based, in part, on 42 U.S.C. §§ 1981, 1982, 1985, and 9816. The Complaint does not contain any allegations of race-based discrimination and fails to allege sufficient facts to suggest a meeting of the minds to support a conspiracy claim. Accordingly, to the extent Plaintiff is attempting to bring claims under §§ 1981, 1982, 1985, and 1986, such claims are dismissed.

       **2.     Claims Under § 1983**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff fails to state a claim against Defendant Pima County. A municipality cannot be held liable unless its "policy or custom caused the constitutional injury." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S.

163, 166 (1993). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id*. Thus, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *See Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff's claim fails because he has not alleged that he sustained a constitutional injury as the result of an official policy or custom of Defendant Pima County. Further, Plaintiff may not sue defendants VARO, OGC, and OIG under § 1983 because they are not state actors. For the foregoing reasons, the Court will dismiss Plaintiff's § 1983 claim.

### 3. *Bivens* Claim

Plaintiff also purports to bring this civil action pursuant to *Bivens*. Sovereign immunity prevents *Bivens* actions against the United States, its agencies, or its employees in their official capacities. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983). Further, *Bivens* claims can only be brought against federal actors. Because all of the named Defendants are either federal or state agencies, the Court will dismiss Plaintiff's *Bivens* claim.

### 4. Count Three

In Count Three of the Complaint, Plaintiff claims that he filed a FOIA request with the VARO to continuously receive copies of any future documents submitted by his ex-wife with respect to his VA claim file, so that Plaintiff will not "hav[e] to make future request[s]." Such an open-ended request is not permissible under FOIA. *See Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (Recognizing "that broad, sweeping requests lacking specificity are not permissible" under FOIA). Accordingly, Count Three will be dismissed.

TERMPSREF

- 7 -

### B. Defendants

#### 1. Pima County

To the extent that Plaintiff asserts a FOIA claim against Pima County, he fails to state a claim. FOIA applies to federal agencies and does not apply to Pima County or other state agencies or departments. *See Moore v. United Kingdom*, 384 F.3d 1079, 1098 (9th Cir. 2004) ("FOIA applies only to agencies of the executive branch of the United States government."); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373-74 (9th Cir. 1981) (FOIA claims not applicable to state agencies or state employees). Accordingly, to the extent Plaintiff seeks remedies under FOIA against Defendant Pima County, that claim will be dismissed. Because Plaintiff has failed to state a claim against Pima County in the Complaint, the Court will dismiss Defendant Pima County from this case.

### V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated a FOIA claim against defendants VARO, OGC, and OIG in Counts One and Two of the Complaint, and the Court will require those defendants to answer Counts One and Two.

### VI. Motion to Appoint Counsel

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**VII.  Warnings**

    **A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

    **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.  Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

    **D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

1    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action
2    for failure to comply with any order of the Court).
3    **IT IS ORDERED:**
4        (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.
5        (2)    As required by the accompanying Order to the appropriate government
6    agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing
7    fee of $35.83.
8        (3)    The Motion to Appoint Counsel (Doc. 4.) is **denied without prejudice**.
9        (4)    The Motion for Clarification and Status of the Case (Doc. 8) is **granted**
10   insofar as this Order informs Plaintiff of the status of this case.
11       (5)    Count Three is **dismissed**.
12       (6)    Defendant Pima County is **dismissed**.
13       (7)    Defendants Veterans Affairs Regional Office-Phoenix, Veterans Affairs
14   Office of General Counsel, and Veterans Affairs Office of the Inspector General must
15   answer Counts One and Two of the Complaint.
16       (8)    The Clerk of Court must send Plaintiff a service packet including the
17   Complaint (Doc. 1), this Order, and summons forms for Defendants Veterans Affairs
18   Regional Office-Phoenix, Veterans Affairs Office of General Counsel, Veterans Affairs
19   Office of the Inspector General, and the United States of America.
20       (9)    Plaintiff must complete and return the service packet to the Clerk of Court
21   within 21 days of the date of filing of this Order.  The United States Marshal will not
22   provide service of process if Plaintiff fails to comply with this Order.
23       (10)    If Plaintiff does not complete service of the Summons and Complaint on a
24   Defendant within 120 days of the filing of the Complaint or within 60 days of the filing
25   of this Order, whichever is later, the action may be dismissed as to each Defendant not
26   served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).
27       (11)    The United States Marshal must retain the Summons, a copy of the
28   Complaint, and a copy of this Order for future use.

TERMPSREF

(12)    The United States Marshal must send by certified mail a copy of the Summons for each Defendant, the Summons for the United States, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(13)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 24th day of December, 2014.

_____
David G. Campbell
United States District Judge

TERMPSREF